Manuel Martorell, demandante y apelante, *v.* Crédito y Ahorro Ponceño, demandado y apelado.

No. 5094.—*Resuelto:* Febrero 9, 1932.

*R. Rivera Zayas,* y *F. Rodríguez Alverio,* abogados del apelante; *Miguel Marcos Morales,* abogado del apelado.

E<small>L</small> J<small>UEZ</small> P<small>RESIDENTE</small> S<small>EÑOR DEL</small> T<small>ORO</small>, emitió la opinión del tribunal.

El 21 de julio último se dictó sentencia por esta Corte Suprema en este caso, revocando la apelada en lo que se refería a la validez del procedimiento ejecutivo hipotecario de que se trata, y devolviendo el pleito para ulteriores procedimientos a la Corte de Distrito de su origen en cuanto a la reclamación de daños y perjuicios. La opinión de la corte fué emitida por su Juez Asociado Sr. Texidor.

El demandado y apelado Crédito y Ahorro Ponceño ha presentado dos mociones de reconsideración. Sostiene en primer lugar que dos cuestiones que levantara, a saber: que esta Corte Suprema carecía de jurisdicción por no figurar en los autos la sentencia apelada y que la demanda no aducía hechos suficientes para determinar una causa de acción, dejaron de ser consideradas por esta corte no obstante el gran énfasis que puso al levantarlas en su alegato.

El hecho de que todas las cuestiones que se discutan por las partes en sus alegatos no lo sean en la opinión del tribunal, no quiere decir necesariamente que el tribunal haya dejado de considerarlas. Al contrario, la presunción es que las consideró y no las creyó con mérito bastante para referirse a ellas en su opinión. De otra suerte las opiniones de la corte serían demasiado largas sin beneficio alguno para la causa de la justicia ni para la jurisprudencia. Esto no quiere decir que la presunción no pueda destruirse. Si en algún caso el tribunal hubiera dejado de considerar en verdad alguna cuestión fundamental, estaría listo siempre para subsanar la omisión en cuanto se le llamara debidamente la atención sobre ello.

Examinados los autos, encontramos que existe copia de la sentencia. No sólo figura la relación del caso y opinión de que habla el apelado, a las páginas 42 a 56 del legajo de la sentencia, y que termina "Regístrese una sentencia de conformidad en el libro correspondiente de la corte",

si que en la página siguiente figura la sentencia misma, firmada por el juez y certificada por el secretario y a continuación la copia de su notificación a la parte perjudicada. Es cierto que en vez del "Regístrese" que aparece en la sentencia, debió decirse "Registrada", pero el documento separado habla de modo tan elocuente por sí mismo, que permite asegurar la existencia independiente de la sentencia recurrida.

En cuanto a la excepción, es cierto que a ella no se refiere expresamente la opinión de esta corte, pero lo es también que quedó implícitamente resuelta en ella. La admisión a que se refiere la apelada con tanta insistencia, no existe. Una simple lectura de la demanda permite concluir que nada admitió el demandante en su hecho tercero, pues en él se estaba refiriendo al escrito inicial del procedimiento hipotecario seguido contra él por el demandado y cuya nulidad solicitaba. Sus alegaciones en cuanto a la totalidad de los abonos que en realidad según él había hecho y que reducían la deuda a $200, se encuentran en el hecho catorce de la demanda y no contradicen afirmación alguna del propio demandante.

Las otras cuestiones que se levantan en la primera moción de reconsideración aparecen explícita o implícitamente consideradas en la opinión y resueltas por la sentencia de este tribunal.

La nueva cuestión levantada en la segunda moción de reconsideración, o sea, la de que esta corte no adquirió jurisdicción por no haberse notificado el escrito de apelación a la codemandada Margarita Rodríguez viuda de Carmona, carece de mérito, porque según la constancia que aparece a las páginas 61 y 62 del legajo de la sentencia se hizo tal notificación, de acuerdo con la ley. *Carrión* v. *Lawton,* ante pág. 53. La notificación a Juan Torres Vázquez no era necesaria por no ser parte en el pleito.

*La moción de reconsideración debe ser declarada sin lugar.*